Judge Underwood
delivered the opinion of the Court.
The county court of Green, at their June term, 1828, made an order directing their clerk to bind Yidner Coffee, and seven others, children of Annanias Coffee, (a poor person, as stated in the order) to James Watt; in pursuance of which order, the clerk executed indentures binding the children. At the July term, 1828, of said court, Annanias Coffee moved the court to set aside the order of the June term, and to award a summons against him, to shew cause, why *307 his children should not be bound out. This motion %vas overruled. The case has been brought to this court, and we are called on to decide, whether the children have been legally bound out or not. The proceedings in the county court, were no doubt intended to be carried on, under the authority of the act of 1793, making provision for binding out poof orphans, and such other children whose parents are incapable of supporting and bringing them up in- h&nest courses; see 2 Digest, 1040. By that act, county courts are authorized,“if to them, it shall seem right after summoning the next friend of, or person with whom such poor orphan, or other child shall reside, to make an order, directing their clerks to bind out,” &c. It is manifest, that the act directs the summoning of the next friend or person, with whom the child resides,, to give such friend or person, an opportunity to shew, that the child is furnished with comfortable food and. clothing, and that it will be brought up in honest courses. If this can be shewn, the court ought not to take the child from the custody of its parents or friends, and according to any rational construction of the act, it is not until after summoning the next friend or person keeeping the child for the purpose of having these matters investigated, thatthe court is authorized to direct their clerk to bind out. The records of the county courts,should always show, thatthe court, after issuingthe summons,and bringing the parent or next friend or keeper of the child, before the court, to shew cause, made the order for binding out. In this case so far from the record shewing, that the court brought Annanias Coffee, the parent, before them, by summons, to shew cause, why his children should not be bound out, it shews, that at the term, after the order was made for binding his children, he appeared, requested that the order might be set aside, and a summons awarded against him', so that he might have an opportunity, of making defence, before his children were taken from him. This the court refused. We are clearly of opinion, that the proceedings of the court were illegal. There is no subject so well calculated to excite strong feelings, and intense interest, as the separation of parents and children. The affections and sympathies of the human heart revolt against it, and *308 it ought not to be done, unless the welfare of the child renders it a matter of necessity. The legislature did not intend it should be done except in such a case, and the legislature has secured to the unfortunate poor parent, the privilege of being heard, before he is striped of the last cpmfort which may remain to him, his children. It was wrong in the. court, to prejudge the case, and to conclude, that the father could not shew} that his children ought not to be bound out. They should have brought him before them, heard, his proof, and then decided. In as much therefore, as the law has not been complied with, by issuing a summons, it is our opinion, the order of the Green county court, entered at their June term, 1828, directing their clerk, to bind out the plaintiffs in error and the indentures of apprenticeship, made in pursuance thereof, are illegal.
Denny, Attorney General, for plaintiff.
Wherefore, the said order is reversed and set aside, and the said indentures are also set aside, and shall henceforth be held for nought.